**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

MULUWORK SHUME
3636 16 St N. W. Apt B660
WASHINGTON DC 20010

*Plaintiff*

*vs.*

PROMISSOR, Inc
SUITE 300
Three Bala PLAZA WeST
BALA CynwyD PA    *Defendants*  19004-3481

RECEIVED
Civil Clerk's Office
DEC 01 2015
Superior Court
District of Columbia
Washington, D.C.

CIVIL ACTION No. **15 - 0 0 9 2 7 9**

**COMPLAINT**

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

The pearson Company that has been renewing my CNA Certificate every two Years starting from 2007 refused to renew my CNA certificate in 2015, although I fulfilled all the requirements they asked me to do including payment of renewal fee. AS A result my Certified Nurse ASSIStan (CNA) Certificate expired and I am out of work.

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** Renew my Certificate
**with interest and costs.** and Court Cost and Income I could have earned.

**Phone:** (202) 766 - 4341

**DISTRICT OF COLUMBIA, SS**

MULUWORK SHUME **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.**

(Plaintiff                                                    Agent)

**Subscribed and sworn to before me this** 1st **day of** December **20** 15 **.**

(Notary Public/Deputy Clerk)

L # DX
EXP 5.1.21

FORM CV-1013/ Nov. 00



## Superior Court of the District of Columbia
### CIVIL DIVISION
#### 500 Indiana Avenue, N.W., Suite 5000
#### Washington, D.C. 20001 Telephone: (202) 879-1133

_MULUWORK SHIMIE_

_____
Plaintiff

vs.

**15 - 0 0 9 2 7 9**

Case Number _____

_PROMISSOR, INC_

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_MULUWORK SHIMIE_
_____
Name of Plaintiff's Attorney

_3636 11th St N.W., Apt R660_
_____                    By _____
Address                                                                        Deputy Clerk

_WASHINGTON DC 20010_
_____

_202 746 4311_                                          Date _____
_____
Telephone

_Clerk of the Court_

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                                                        CASUM.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MULUWORK SHUME
    Vs.                              C.A. No.      2015 CA 009279 B
PROMISSOR, INC

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  December 1, 2015
Initial Conference: 9:30 am, Friday, March 04, 2016
Location:  Courtroom 219
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Washington, D.C. 20001

_Muluwork Shume_
                                    _Plaintiff_

15 - 0 0 9 2 7 9

vs.                                              Civil Action No._____

_Promissor, Inc._
                                    _Defendant_

**ORDER**

Upon consideration of the motion ___TRO_____

filed by _Muluwork Shume_____

and after hearing argument on behalf of all parties concerned, it is, by the Court, this _11th_

day of __Dec_____, 20 _15_,

ORDERED:

(1) That the motion be, and it is hereby,      ☐ GRANTED    ☑ DENIED

(2) That _____

_____

_____

_____

_____

_____

Copies to:

A TRUE COPY
TEST:

Clerk, Superior Court of
the District of Columbia

By ___J. Allen_____
        Deputy Clerk

_R Wert___

JUDGE

Form CV-545/Apr.03

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MULUWORK SHUME,** | ) | **CASE NO.   2015 CA 9279** |
| | ) | |
| **Plaintiff(s),** | ) | **CALENDAR 8** |
| | ) | |
| **vs** | ) | **JUDGE RONNA LEE BECK** |
| | ) | |
| **PROMISSOR, INC.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

<u>**ORDER DENYING MOTION FOR RECONSIDERATION**</u>

In her complaint Plaintiff appears to allege that Defendant breached its contract with her by failing to recertify her as a certified nursing assistant, despite her having fulfilled all the requirements they asked her to do, including payment of the renewal fee.  Plaintiff filed a motion for a temporary restraining order, which was denied by Judge Wertheim, a senior judge who was sitting as Judge in Chambers.  Judge Wertheim also dismissed this case without prejudice.

Plaintiff filed a motion for reconsideration, which the clerk's office has sent to the undersigned judge because Plaintiff's case was assigned to the undersigned judge's calendar.

The motion to reconsider the temporary restraining order is denied because the decision denying temporary injunctive relief seems appropriate in this breach of contract action.  However, the record is very unclear about the dismissal of the action itself.  It appears appropriate to reinstate this case so that Plaintiff can pursue her breach of contract claim, which apparently has not been resolved.

Accordingly, the case is reinstated and is scheduled for an initial scheduling conference on February 5, 2016, at 9:30 a.m. in courtroom 219.

**SO ORDERED** this **8**th day of **January, 2016**.[1]

*Ronna Lee Beck*

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

**Copies served electronically on counsel through eFiling for Courts:**

Allison Nadel
*Counsel for Defendant*

**Copies mailed from chambers to:**

Muluwork Shume
3636 16th Street, NW, Apt. 660
Washington, DC  20010
*Pro Se Plaintiff*

---

[1]Recognizing the difficulties facing *pro se* litigants, the court is providing Plaintiff a copy of the Court's Handbook for People Who Represent themselves in Civil Cases

2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MULUWORK SHUME,** | ) | **CASE NO.  2015 CA 9279** |
| | ) | |
| **Plaintiff(s),** | ) | **CALENDAR 8** |
| | ) | |
| **vs** | ) | **JUDGE RONNA LEE BECK** |
| | ) | |
| **PROMISSOR, INC.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## ORDER SCHEDULING HEARING

Before the court is Plaintiff's motion filed on February 8, 2016, to reopen the case,

which was dismissed when Plaintiff failed to appear at a hearing scheduled on February 5,

2016.  Defendant has filed an opposition.

The motion is scheduled for a hearing **on March 4, 2016, at 10:30 a.m**. in courtroom

219.

**SO ORDERED** this **19**th day of **February, 2016**.


*Ronna Lee Beck*

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

**Copies served electronically on counsel through eFiling for Courts:**
Allison Nadel
*Counsel for Defendant*

**Copies mailed from chambers to:**
Muluwork Shume
3636 16th Street, NW, Apt. B 660
Washington, DC  20010
*Pro Se Plaintiff*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MULUWORK SHUME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PEARSON EDUCATION INC., | ) |
| | ) |
| NCS PEARSON, INC., | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendants. | ) |

Case No. 2015 CA 009279B

Judge: Hon. Ronna Lee Beck

## AMENDED COMPLAINT

COMES NOW Plaintiff Muluwork Shume, by counsel, and moves this Court for judgment against Defendants Pearson Education, Inc., NCS Pearson, Inc., and the District of Columbia, jointly and severally, for the relief and on the grounds set forth below:

PARTIES

1.    Plaintiff Muluwork Shume ("Ms. Shume") is a resident of the District of Columbia and is over the age of eighteen.

2.    Upon information and belief, Defendant Pearson Education Inc. is a corporation that was and remains incorporated in Delaware; maintains its principal office at 200 Old Tappan Road, Old Tappan, New York 07676; and conducts business in the District of Columbia.

3.    Upon information and belief, Defendant NCS Pearson, Inc. is a corporation that was and remains incorporated in the State of Minnesota; maintains its principal office at 5601 Green Valley Drive, Bloomington, Minnesota 55437; and conducts business in the District of Columbia.

1

**EXHIBIT**

*1*

tabbies®

4.     Hereinafter, Defendants Pearson Education Inc. and NCS Pearson, Inc. will collectively be referred to as "Pearson."

5.     Upon information and belief, Defendant District of Columbia is a municipal corporation that maintains its principal office at 1350 Pennsylvania Avenue, NW, Washington, DC 20004 and includes the DC Department of Health and the DC Board of Nursing, among any other DC agencies, departments, or boards implicated by the facts of this case.

<u>JURISDICTION</u>

6.     This Court has subject matter jurisdiction over this civil action pursuant to D.C. Code § 11-921.

7.     This Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13-422, -423.

<u>STATEMENT OF FACTS</u>

8.     By way of background, Ms. Shume is a sixty-five (65) year-old naturalized U.S. citizen originally from Ethiopian.  She moved to the U.S. in 1998.  From 2000 to 2006, she was a nursing assistant in New York before moving to Washington, DC in 2006.  From 2007 to 2015, she was a certified nursing aide in DC; however, in late-2015, Defendants failed to renew her certification despite her timely submission of a full and complete renewal application and fee. Defendants' failure to renew her certification gave rise to this action.

9.     In 2006, Ms. Shume enrolled in the Nurse Aide Training Program at the Americare School of Allied Health ("Americare"), which had been founded in 1994 and, at the time, was located in Wheaton, Maryland.[1]  She had previously graduated in 2000 from the Allen School of Health Sciences with a certificate in Nursing Assistant/Orderly.  The Americare program consisted

---

[1] Upon information and belief, Americare is now permanently closed.

2

of 120-hours and had been approved by the Maryland Board of Nursing. At all times during her enrollment in the program, Ms. Shume was a resident of the District of Columbia and intended to afterwards pursue employment as a nurse aide in DC.

10.   In or around February 2007, Ms. Shume successfully completed and graduated from the Americare program. As reflected on her Student Permanent Record Card, Ms. Shume's classroom and clinic attendance were 100%; her final exam grade was a 95; and her final grade average was a 91%, which translated to a letter grade of an "A." [A copy of Ms. Shume's Americare graduation Certificate and Permanent Record Card are collectively attached hereto as Exhibit A]. Upon information and belief, the Americare program, and/or any exams Ms. Shume took in connection therewith or after graduating therefrom, constituted a nurse aide competency evaluation program which had been approved by the District of Columbia.

11.   On or around October 26, 2007, Ms. Shume was issued a Certified Nursing Assistant (CNA) license by the Maryland Board of Nursing ("the Board"). As reflected on her original CNA Certificate from the Board, Ms. Shume "fulfilled the requirements for State certification in accordance with the Annotated Code, Health Occupations Article, Section 8-101 et. seq. and the Regulations Governing Examination and Licensure (10.39.01) and is hereby authorized to practice as a CNA." [A copy of her Maryland CNA Certificate is attached hereto as Exhibit B]. Her license number was and is A00088433. It has been active and in good standing at all times since it was issued.

12.   Shortly after receiving her Maryland CNA license, Ms. Shume submitted an Application for Nurse Aide Certification by Endorsement to the DC Department of Health and/or Pearson, a standardized testing service that had contracted with the DC Department of Health to administer nurse aide testing.

3

13.     On November 30, 2007, the DC Department of Health issued a Nurse Aide Certificate to Ms. Shume.  [A copy of said Certificate is attached hereto as Exhibit C].  Her certification number was and is 803242.  The Certification provided that "Muluwork Shume has successfully completed the required competency evaluation program and is listed on the Nurse Aide Registry in the District of Columbia."

14.     At around this time, Ms. Shume was hired as a nurse aide by The Residences at Thomas Circle, a Meridian Senior Living Managed Community ("Meridian") located in Washington, DC.

15.     Thereafter, in compliance with Regulation 3250.2 of the D.C. Municipal Regulations for Nurse Aide Certification, every two years Ms. Shume would timely submit a Registry Renewal Application to Pearson to renew her certification as a Nurse Aide in DC.  The DC Department of Health renewed Ms. Shume's Nurse Aide certification in 2009, 2011, and 2013. [A copy of Ms. Shume's 2011 and 2013 renewal certificates are collectively attached hereto as Exhibit D].

16.     Like her original certification, Ms. Shume's renewal certifications provided that "Muluwork Shume has successfully completed the required competency evaluation program and is listed on the Nurse Aide Registry in the District of Columbia."

17.     Ms. Shume's 2013 renewal certification was to be effective from December 1, 2013, until November 30, 2015.

18.     In 2015, Ms. Shume again timely submitted a Registry Renewal Application to Pearson to renew her Nurse Aide Certification in DC.

19.     In response, Ms. Shume received a letter from Pearson claiming that her certification could not be renewed because she had not passed the NNAAP Nurse Aide Practice Exam or been enrolled on the Maryland Geriatric Nursing Assistant (GNA) registry.

20.     On or around November 30, 2015, Ms. Shume's Nurse Aide certification in DC expired. At all times between November 30, 2007, and November 30, 2015, Ms. Shume's Nurse Aide certification in DC had been active and in good standing.

21.     On or around December 1, 2015, Ms. Shume's employer, Meridian, placed her on unpaid administrative leave due to the nonrenewal of her Nurse Aide certification in DC.

22.     On December 15, 2015, Meridian terminated its employment relationship with Ms. Shume solely because Defendants failed to renew her certification; however, Meridian advised Ms. Shume that she was "more than welcome to apply" for another CNA position if she reacquired the requisite Nurse Aide certification for the position.

<u>COUNT I</u>
(Breach of Contract)

23.     The allegations contained in paragraphs 1–22 are hereby incorporated into Count I as if fully set forth herein.

24.     Pearson's acceptance of Ms. Shume's renewal form and fee formed a valid and binding contract between Ms. Shume and Defendants, including the District of Columbia/DC Department of Health, which was acting by and through its agent, Pearson.

25.     Defendants represented on the renewal application that, upon receiving the application and processing fee, "they [would] renew [Ms. Shume's] certificate and send [to her] a new certificate and wallet card."

26.     Defendants breached the contract by failing to renew Ms. Shume's certificate and instead insisting that she, a sixty-five (65) year-old woman with close to sixteen (16) consecutive

5

years of nurse aide experience, take one or more additional exams, despite repeatedly finding in prior years that Ms. Shume had "successfully completed the required competency evaluation program."

27.     As a direct and proximate result of Defendants' breach of contract, Ms. Shume has suffered lost wages in the amount of approximately $9,612.00 to date and will continue to suffer lost wages going forward, and has also suffered and will continue to suffer lost benefits.

COUNT II
(Preliminary and Permanent Injunction and/or Writ of Mandamus)

28.     The allegations contained in paragraphs 1–27 are hereby incorporated into Count II as if fully set forth herein.

29.     The Court has jurisdiction to award affirmative preliminary and permanent injunctive to relief to Ms. Shume under *Wieck v. Sterenbuch*, 350 A.2d 385 (D.C. 1976) and/or its statutory, equitable, and/or other common law powers.

30.     There is a substantial likelihood Ms. Shume will prevail on the merits because Defendants wrongfully refused to renew her Nurse Aid certification despite receiving a full and complete renewal application and fee from Ms. Shume and repeatedly finding in prior years that Ms. Shume had "successfully completed the required competency evaluation program."

31.     Ms. Shume has suffered and is danger of continuing to suffer irreparable harm during the pendency of this action, as she has already lost her job as a result of Defendants' failure to renew her license and is now continually incurring additional lost wages and lost benefits.

32.     More harm will result to Ms. Shume from the denial of the injunction than will result to any Defendant from its grant.

33.     The public interest will not be disserved by the issuance of the requested order.

6

34. Ms. Shume hereby seeks a preliminary injunction to renew her Nurse Aide certification and to enjoin any future nonrenewal of her certification, provided she continues to timely submit renewal applications and fees, until a ruling has been made on the merits of her claims.

35. In addition, or alternatively, to the injunction, Ms. Shume requests a writ of mandamus ordering the Defendants to renew Ms. Shume's Nurse Aide certification forthwith.

COUNT III
(Declaratory Judgment)

36. The allegations contained in paragraphs 1–35 are hereby incorporated in Count III as if fully set forth herein.

37. Pursuant to Rule 57 of the D.C. Superior Court Rules of Civil Procedure and/or all other applicable authority, the Court has the power to issue a declaratory judgment relative to the status of Ms. Shume's Nurse Aide certification and any relevant municipal ordinances, including, but not limited, to D.C. Municipal Regulation for Nurse Aid Certification § 3200 *et. seq.*

38. Ms. Shume hereby requests that the Court make a binding adjudication of right that:

a. Ms. Shume successfully completed a nurse aide competency evaluation program(s);

b. Defendants expressly or implicitly approved of the nurse aide competency evaluation program(s) completed by Ms. Shume;

c. Per D.C. Municipal regulation for Nurse Aid Certification § 3200.3, Ms. Shume is competent for purposes of qualifying as a credentialed nurse aide in the District of Columbia on the basis that she is credentialed in another state based on her successful completion of the nurse aid competency evaluation of that state which has been approved the District of Columbia;

d. Ms. Shume is entitled to have her Nurse Aide certification renewed forthwith, as well as in subsequent renewal years upon timely submitting a full and complete renewal application and fee; and/or

e.   Defendants have waived, and/or are estopped from asserting, any right to compel Ms. Shume to pass the NNAAP Nurse Aide Practice Exam, enroll on the Maryland Geriatric Nursing Assistant registry, and/or otherwise fulfill any other alleged exam or registry prerequisites to obtaining an initial or renewed Nurse Aide certification in DC.

### COUNT IV
### (Violation of 42 U.S.C. § 1983)

39.   The allegations contained in paragraphs 1–38 are hereby incorporated into Count IV as if fully set forth herein.

40.   As the District of Columbia or agencies or instrumentalities thereof, Defendants are state actors and cannot curtail the constitutional rights of its residents.

41.   Under the Fifth and Fourteenth Amendments to the U.S. Constitution, Ms. Shume had a property interest in her employment with Meridian, which as noted above encouraged her to reapply if and when she reacquires her Nurse Aide certification.  Ms. Shume had an expectation of future employment with Meridian, and therefore had a property interest in her employment.

42.   Also under the Fifth and Fourteenth Amendments to the U.S. Constitution, Ms. Shume had a liberty interest to practice her chosen profession as a nurse aide.

43.   Defendants revoked Ms. Shume's Nurse Aide certification, thereby unlawfully stripping her of both her property and liberty interests, by failing to renew her certification after timely receiving a full and complete renewal application and fee from Ms. Shume.

44.   Defendants violated Ms. Shume's due process rights by (i) failing to afford her some kind of hearing before depriving her of both her property and liberty interests; and (ii) by failing to adopt and/or promulgate sufficiently articulated standards governing Nurse Aide certification by endorsement and/or reciprocity, the renewal thereof, and/or the ability to request hearings related to rulings relative to denial of applications for renewal of said certifications, among possibly other ways as may be determined in discovery.

45.    As a direct and proximate result of Defendants' violation of Ms. Shume's due process rights, Ms. Shume has suffered lost wages in the amount of approximately $9,612.00 to date and will continue to suffer lost wages going forward, and has also suffered and will continue to suffer lost benefits.  Ms. Shume further requests an award of attorney's fees, expert fees, and any other costs pursuant to 42 U.S.C § 1988, as well as punitive damages where available.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff Muluwork Shume, by counsel, respectfully requests that this Honorable Court enter Judgment, and an immediate execution thereon, in her favor and against Defendants granting the following relief:

(a)    Compensatory damages in an amount not less than $50,000;

(b)    Punitive damages secondary to Plaintiff's violation of due process claim;

(c)    Preliminary and permanent injunctive relief, and/or a writ of mandamus, ordering Defendants to renew Ms. Shume's Nurse Aide certification forthwith and enjoining them from any future nonrenewal of her certification until a ruling has been made on the merits of her claims;

(d)    A declaratory judgment as requested in paragraph no. 38(a)–(e) herein;

(e)    An award of her attorney's fees secondary to her violation of due process claim;

(f)    Pre and post-judgment interest on the foregoing amounts; and

(g)    Plaintiff's costs incurred herein.


MULUWORK SHUME

By _____
                    Of Counsel

Emily J. C. Maloney, Esq. DC Bar No. 1027753
Timothy P. Bosson, Esq., DC Pending, VSB#72746
Robert G. Rose, Esq., DC Pending, VSB#81240, NJ#062242014
Christian Legal Aid of DC
65 Massachusetts Ave, NW
Washington, DC  20001
emily.maloney@christianlegalaid-dc.org
tim.bosson@christianlegalaid-dc.org
rob.rose@christianlegalaid-dc.org
Phone: (202) 710-0592
Fax:    (202) 380-0486
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify on this ⟨18t⟩ day of April, 2016, that a true and accurate copy of the

foregoing Amended Complaint was served, via facsimile and regular mail, on Defendant's

counsel:

> Alison L. Nadel
> McDermott Will & Emery  LLP
> 500 North Capitol Street, N.W.
> Washington, DC 20001
> Fax 202.756.8087

_____
                    Robert G. Rose



# Americare School of Allied Health

## Achievement Award

Is Presented To

### Mulework Shume

In Recognition of Successful Completion of Americare School of Allied Health

11141 Georgia Ave. #418   Wheaton, Maryland   20902

NURSING ASSISTANT TRAINING PROGRAM

Presented This 15th   Day of February, 2007

_Nicole Boozer, R.N._

_Rick Inn_

This award signifies that the above candidate is eligible to apply to become a Certified Nursing Assistant & sit for the MD. GNA Examination.



**EXHIBIT**

_A_

## *Americare School of Allied Health*
11141 Georgia Ave. #418
Wheaton, MD. 20902
301-933-4660

## STUDENT PERMANENT RECORD CARD

Student's Name:          MULUWORK  SHUME

Student's Address:       3636 16TH ST NW #B660
                         WASHINGTON  DC  20010

Phone Number:   202-365-8044     Soc. Sec. #  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
Instructor:     NICOLE BOOZER RN    Course:      CNA

Start Date:    12/4/06     Last Day Attended:   2/15/07

Length of Program:   120   Leave of Absence Dates:

Training Outcome:   Graduated:   YES  Withdrew:   NO

Classroom Hrs. Completed:   75   Clinical Hrs. Completed: 45
                    Total Hours Completed:   120

Classroom Attendance:   100%     Clinical Attendance: 100%

Graduation Checklist:   Satisfactory Attendance...............................YES

                        Satisfactory Grade Average.........................YES

                        Satisfactory Clinical Grade..........................YES

                        Pass Final Exam..........................................YES

Module Grades:   I. 83   II .95   III. 83   IV. 91
Final Theory Grade: 88  Final Clinical Grade:  90
Final Exam Grade: 95     Final Average: 91% A

Academic Achievement:

Director's Signature: _____  Date: _2/15/07_

Instructor's Signature: NICOLE BOOZER RN   Date: _2/15/07_



# State of Maryland

## MARYLAND BOARD OF NURSING

### MULUWORK SHUME

has fulfilled the requirements

*for State certification in accordance with the Maryland Annotated Code, Health Occupations Article, Section 8-101 et. seq. and the Regulations Governing Examination and Licensure (10.39.01) and is hereby authorized to practice as a*

**CNA**

Certification Number: A00088433

Patricia Price Noble, MSN, RN

*Executive Director*

EXPIRATION DATE: 05/28/2009




Board of NURSING

EXHIBIT
B
exhibits

# THE DISTRICT OF COLUMBIA
# DEPARTMENT OF HEALTH

certifies that

## MULUWORK SHUME

has successfully completed the required competency evaluation program and is listed on the
Nurse Aide Registry in the District of Columbia.

## Certificate Number:  NA00803242

### Registration Route: R

**ISSUE DATE:**  11/30/07              **EXPIRATION DATE:**  11/30/09

_____

**Signature of Nurse Aide**
**VOID IF ALTERED**



EXHIBIT

C

# THE DISTRICT OF COLUMBIA
# DEPARTMENT OF HEALTH

certifies that

## MULUWORK SHUME

has successfully completed the required competency evaluation program and is listed on the
Nurse Aide Registry in the District of Columbia.

### Certificate Number:   NA00803242

### Registration Route: R

**ISSUE DATE:**   12/01/11                **EXPIRATION DATE:**   11/30/13

_____
**Signature of Nurse Aide**
**VOID IF ALTERED**

EXHIBIT

D

# THE DISTRICT OF COLUMBIA
## DEPARTMENT OF HEALTH

certifies that

## MULUWORK SHUME

has successfully completed the required competency evaluation program and is listed on the
Nurse Aide Registry in the District of Columbia.

## Certificate Number:  NA00803242

### Registration Route: R

**ISSUE DATE:**   12/01/13                    **EXPIRATION DATE:**   11/30/15

_____

Signature of Nurse Aide
VOID IF ALTERED

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| MULUWORK SHUME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2015 CA 009279B |
| v. | ) |
| | ) Judge: Hon. Ronna Lee Beck |
| PEARSON EDUCATION INC., | ) |
| | ) |
| NCS PEARSON, INC., | ) |
| | ) |
| and | ) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

THIS MATTER came before the Court on the Defendant's Motion to Dismiss for Failure to State a Claim, and Plaintiff's subsequent Motion for Leave to Amend Complaint and Add New Parties; and the Court having considered said Motions, as well as any supporting or opposing memorandums or oral argument, it is hereby

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim is DENIED; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint and Add New Parties is GRANTED, that the Amended Complaint attached to said Motion is hereby deemed as filed.

SO ORDERED this _____ day of _____, 2016

_____
Hon. Judge Ronna Lee Beck

1

**We ask for this:**

CHRISTIAN LEGAL AID OF DC

_____
Emily J. C. Maloney, Esq. DC Bar No. 1027753
Timothy P. Bosson, Esq., DC Pending, VSB#72746
Robert G. Rose, Esq., DC Pending, VSB#81240, NJ#062242014
65 Massachusetts Ave, NW
Washington, DC  20001
emily.maloney@christianlegalaid-dc.org
tim.bosson@christianlegalaid-dc.org
rob.rose@christianlegalaid-dc.org
Phone: (202) 710-0592
Fax:    (202) 380-0486
_Counsel for Plaintiff_

**Copy served electronically on counsel
through e-Filing for Courts:**

Alison L. Nadel
McDermott Will & Emery  LLP
500 North Capitol Street, N.W.
Washington, DC 20001
Fax 202.756.8087

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MULUWORK SHUME,** | ) | **CASE NO.   2015 CA 9279** |
| | ) | |
| **Plaintiff(s),** | ) | **CALENDAR 8** |
| | ) | |
| **vs** | ) | **JUDGE RONNA LEE BECK** |
| | ) | |
| **PROMISSOR, INC.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

## ORDER DIRECTING THE CLERK'S OFFICE TO ACCEPT FOR FILING PLAINTIFF'S AMENDED COMPLAINT; DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD NEW PARTIES; DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS; ESTABLISHING A DEADLINE FOR FILING AFFIDAVITS OF SERVICE; AND SCHEDULING A SCHEDULING CONFERENCE HEARING

Before the court is Plaintiff's Motion for Leave to Amend Complaint and Add New Parties.  Defendant Promissor, Inc. now doing business as NCS Pearson, Inc. ("Defendant") has not been given an opportunity to respond.

Defendant has filed a motion to dismiss for failure to state a claim, but no responsive pleading to Plaintiff's Complaint has yet been served.  Pursuant to Super. Ct. Civ. Rule 15, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, without the permission of the court or the consent of the opposing party.  Consequently, the court is directing the clerk's office to accept for filing the amended complaint that Plaintiff attached to her motion to amend.  The motion to amend will be denied as moot.

The amended complaint adds new parties.  By June 6, 2016, Plaintiff shall file affidavits of service or file a motion seeking additional time for service showing that newly-added Defendants have been served with a summons, complaint, and initial order.  The Clerk's office shall issue process and an initial order upon request.

In light of the amended complaint, the motion to dismiss the original complaint is denied without prejudice.  Defendant shall respond to the Amended Complaint in accordance with the Rules.

A scheduling conference is set for July 1, 2016, in courtroom 219 at 9:30 a.m.

**SO ORDERED** this **5th** day of **April, 2016**.


*Ronna Lee Beck*

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

**Copies served electronically on counsel through eFiling for Courts:**

Allison Nadel
*Counsel for Defendant*

**Copies mailed from chambers to:**

Emily C. Maloney
Rimothy P. Bossom
Robert G. Rose
Christian Legal Aid of DC
65 Massachusetts Avenue, NW
Washington, DC  20001
*Counsel for Plaintiff*

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **MULUWORK SHUME,** | ) | **CASE NO.   2015 CA 9279** |
| | ) | |
| **Plaintiff(s),** | ) | **CALENDAR 8** |
| | ) | |
| **vs** | ) | **JUDGE RONNA LEE BECK** |
| | ) | |
| **PROMISSOR, INC.,** | ) | |
| | ) | |
| **Defendant(s).** | ) | |

**ORDER DIRECTING CHRISTIAN LEGAL AID OF DC TO REGISTER**
**FOR ELECTRONIC FILING**

The undersigned judge's chambers has confirmed with the office of the Chief Judge that Christian Legal Aid of DC, is not exempt from electronic filing.[1]  The Motion filed by Christian Legal Aid of DC on April 1, 2016, in hard copy with the Clerk's office, should have been electronically filed through the Court's Efiling Vendor, CaseFileXpress.  Accordingly, it is this **6th day of April, 20156,** hereby

**ORDERED** that Christian Legal Aid of DC comply with Administrative Order 07-14;

**FURTHER ORDERED** that the Civil Clerk's Office is directed to accept no further filings in hard copy from Christian Legal Aid of DC without proof of exemption;

**FURTHER ORDERED** that even if an exemption is obtained, Christian Legal Aid of DC must comply with Administrative Order 07-14 and register with the Court's eFiling Vendor, so that they may be eServed by opposing counsel and the court.

*Ronna Lee Beck*

_____
JUDGE RONNA LEE BECK
(Signed in Chambers)

---

[1] See Administrative Order 07-14 – Exemption from Electronic Filing

**Copies served electronically on counsel through eFiling for Courts:**

Allison Nadel
*Counsel for Defendant*

**Copies mailed from chambers to:**

Emily C. Maloney
Rimothy P. Bossom
Robert G. Rose
Christian Legal Aid of DC
65 Massachusetts Avenue, NW
Washington, DC  20001
*Counsel for Plaintiff*